1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

LORENA SUAREZ GUZMAN,

10

Plaintiff,

11

v.

12

PERI & SONS FARMS OF CALIFORNIA,
LLC, et al.,

13

14

Defendants.

15

_____/

16

Case No.  1:21-cv-00348-NONE-SKO

**FINDINGS AND RECOMMENDATION
THAT DEFENDANTS' MOTION TO
CONSOLIDATE BE DENIED**

(Doc. 35)

**OBJECTIONS DUE: 21 DAYS**

17

## I.    INTRODUCTION

18

The matter before the Court is the Motion to Consolidate (the "Motion") of Defendants Peri

19

& Sons Farms of California, LLC, and Roy Estrada (collectively, "Defendants").  (Doc. 35.)

20

Plaintiff Lorena Guzman ("Plaintiff") filed an opposition to the Motion on May 25, 2021.  (Doc.

21

43.)  Defendants filed a reply on June 1, 2021.  (Doc. 47.)  The Motion was referred to the

22

undersigned for the preparation of findings and recommendations on May 4, 2021. (Doc. 38.)  The

23

undersigned reviewed the parties' papers and found the matter suitable for decision without oral

24

argument.  The hearing set for June 16, 2021, was therefore vacated.  (Doc. 50.)

25

Having considered the briefing, and for the reasons set forth below, the undersigned

26

recommends that the Motion be denied.

27

///

28

///

## II.    BACKGROUND

On August 31, 2020, Plaintiff filed a class action complaint against Defendants in the Imperial County Superior Court, alleging violations of applicable Industrial Welfare Commission ("IWC") Wage Orders, California Labor Code sections 201, 202, 226, 226.7, 510, 512, 1194, 1197, and the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*[1]  (Doc. 1-2.) Plaintiff alleges that she was seasonally employed by Defendants as a non-exempt employee, with duties including sorting, packing, shipping, or otherwise preparing agricultural products for market and/or distribution.  (Doc. 10 at ¶ 2.)  According to Plaintiff, Defendants, at times, failed to: (1) compensate Plaintiff and other current and former non-exempt California employees ("Class Members") with overtime wages at the proper overtime rate of pay for all hours worked in excess of forty hours in a week, eight hours in a workday, and/or seven straight work days; (2) pay Plaintiff and Class Members minimum wages for all hours worked or otherwise due; (3) provide Plaintiff and Class Members complete, timely, duty-free, and uninterrupted thirty-minute meal periods every five hours of work, or to otherwise provide compensation where Plaintiff and Class Members were not given compliant meal periods; (4) provide Plaintiff and Class Members complete, timely, duty-free, and uninterrupted thirty-minute rest periods every four hours of work, or to otherwise provide compensation where Plaintiff and Class Members were not authorized or permitted to take compliant rest periods; (5) timely pay Plaintiff and Class Members all wages earned and unpaid prior to termination; and (6) provide Plaintiff and Class Members accurate wage statements.  (*Id.* at ¶¶ 30–74.)

On October 2, 2020, Defendants removed this action from state court,[2] asserting federal diversity jurisdiction, 28 U.S.C. § 1332(a), and jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2), 1441, 1446, 1711(2).[3]  (Doc. 1.)  On October 8, 2020, Plaintiff

---

[1] On October 29, 2020, Plaintiff filed an amended complaint, adding George Mainas as a defendant.  (Doc. 10.)  On April 29, 2021, the parties filed a stipulation dismissing, without prejudice, Defendant Mainas from the action.  (Doc. 32.)

[2] Defendants initially removed the action to the United States District Court for the Southern District of California.  (Doc. 1.)  On November 19, 2020, Defendants filed a motion to change venue (Doc. 15), which was granted (Doc. 23-1).  The case was transferred to United States District Court for the Eastern District of California on March 8, 2021.  (Doc. 24.)

[3] On April 29, 2021, Plaintiff filed a motion to remand, which is still pending, contending that Defendants have not carried their burden to show that jurisdiction under CAFA or traditional diversity exists.  (Doc. 31.)

filed a representative action under the California Labor Code Private Attorney Generals Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.*, against Defendants in the Imperial County Superior Court (the "PAGA action").  (Doc. 35-2.)  On April 30, 2021, Defendants renewed their motion to consolidate the instant action with the PAGA action.[4]  (Doc. 35.)

## III.    DISCUSSION

"As a threshold matter, before determining whether consolidation is warranted, the court must consider whether it has jurisdiction over [P]laintiff's PAGA action such that it could order consolidation." *Blackwell v. Com. Refrigeration Specialists, Inc*, No. 2:20–CV–01968–KJM–CKD, 2021 WL 2634501, at *3 (E.D. Cal. June 25, 2021).  Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

District courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  28 U.S.C. § 1332.  "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 59 U.S. 77 (2010).  Where a putative class action is involved, the diversity requirements are "relaxed" under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  Federal courts have jurisdiction over a class action pursuant to CAFA when the parties are minimally diverse, *i.e.*, any member of a class of plaintiffs is a citizen of a state different from that of any defendant, the amount in controversy exceeds $5,000,000, and when the proposed class has at least 100 members. *Canela v. Costco Wholesale Corp.*, 971 F.3d

---

[4] Defendants initially filed their motion to consolidate in the United States District Court for the Southern District of California on November 23, 2020.  (Doc. 18.)  The district court denied the motion without prejudice in light of the venue transfer.  (Doc. 23-2.)

1  845, 850 (9th Cir. 2020) (citing 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B)).

2           "Generally a court cannot consider a motion to consolidate where the court does not have

3  subject matter jurisdiction over the case." *Alvandi v. CVS Pharmacy, Inc.*, No. CV 15–1503–AB

4  (AGRx), 2015 WL 3407899, at *4 (C.D. Cal. May 27, 2015).  "The exception to this rule is when

5  plaintiffs try to 'game the system' by artificially splitting their claims and filing separate state actions

6  when there is 'no colorable basis' for dividing up the claims 'other than to frustrate CAFA.'" *Coffin*

7  *v. Magellan HRSC, Inc.*, No. 19–CV–2047–BAS–NLS, 2020 WL 773255, at *2 (S.D. Cal. Feb. 18,

8  2020) (quoting *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 408–09 (6th Cir. 2008)).

9           In *Freeman*, a class of landowners originally filed a single nuisance class action against a

10  paper mill, but later divided the action into five different suits, each with identical parties and claims

11  except that the suits were for a series of different, sequential six-month periods.  *Freeman*, 551 F.3d

12  at 406.  *Id.*  Each suit also limited the total class damages to less than $4.9 million, less than CAFA's

13  $5 million threshold.  *Id.*  The cases were removed to federal court by the defendant but then

14  remanded by the district court.  *Id.*  On appeal, the Sixth Circuit Court of Appeals reversed the

15  remand order and held that the total amount of damages sought in the five lawsuits should be

16  aggregated in deciding whether CAFA's jurisdictional minimum was met because there was "no

17  colorable basis" for the plaintiffs' division of their claims "other than to avoid the clear purpose of

18  CAFA" and the amount in controversy requirement.[5]  *Id.* at 407.

19           Courts in the Ninth Circuit have consistently stated that the *Freeman* exception should be

20  narrowly construed.  *See, e.g.*, *Tanoh v. Dow Chem. Co.*, 561 F.3d 945 (9th Cir. 2009); *Coffin v.*

21  *Magellan HRSC, Inc.*, No. 19–CV–2047–BAS–NLS, 2020 WL 773255, at *2 (S.D. Cal. Feb. 18,

22  2020); *Alvandi v. CVS Pharmacy, Inc.*, No. CV 15–01503AB AGRX, 2015 WL 3407899, at *4

23  (C.D. Cal. May 27, 2015); *Site Mgmt. Solutions, Inc. v. TMO CA/NV, LLC,* 2011 WL 1743285, at

24  *4 (C.D. Cal. May 4, 2011) (declining to apply the *Freeman* exception to a non-CAFA case where

25  the plaintiff "demonstrated that it had more than a colorable basis—in fact, a good reason—for

26  initiating this [unlawful detainer] action solely with respect to [a single] site," and "unlike *Freeman,*

27

28  [5] Indeed, at oral argument, the plaintiffs' counsel admitted that avoiding CAFA was the only reason for the structuring of the separate suits.  *Freeman*, 551 F.3d at 407.

this is not a case in which [the plaintiff] divided its claims into separate lawsuits to expand recovery" because the plaintiff "ha[d] not actually filed unlawful detainer actions to obtain possession of the remaining 24 disputed sites."); *Royalty All., Inc. v. Tarsadia Hotel*, No. 09–CV–2739–DMS–CAB, 2010 WL 3339202, at *3 (S.D. Cal. Aug. 23, 2010) (declining to apply the *Freeman* exception where, although "similarities exist[ed] between the claims," there was a colorable basis for dividing the two lawsuits as the plaintiffs had done because the cases involved two different classes of plaintiffs and one case contained three state law claims not present in the other).

Here, the parties appear to agree that the Court does not have subject-matter jurisdiction over the PAGA action, which is raised under a state statute, the California Labor Code Private Attorney Generals Act.  (*See* Doc. 35-2; Doc. 35 at 6 (Defendants stating, "[O]n its face, the PAGA Complaint does not meet the mount in controversy requirements for this Court to assume original jurisdiction over it . . . . Moreover, Defendants believe that the PAGA penalties for [Plaintiff]'s individual claim do not exceed $75,000."); Doc. 43 at 4 (Plaintiff stating, "The Parties agree that there is no federal court jurisdiction over the PAGA action.").)  *See also Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1124 (9th Cir. 2014) (holding that "CAFA provides no basis for federal jurisdiction" over a PAGA action).  Contending that Plaintiff has engaged in improper claim-splitting to avoid both CAFA and diversity jurisdiction amount-in-controversy requirements, Defendants request that this Court apply the *Freeman* exception and consolidate the PAGA action with the instant putative class action.  (Doc. 35 at 6.)  Plaintiff counters that the *Freeman* exception cannot apply because CAFA has no application to the PAGA action.  (Doc. 43 at 7–8.)

As discussed above, the Sixth Circuit in *Freeman* established a narrow exception, providing that courts can aggregate separate actions filed in state court in determining whether the amount-in-controversy requirement under CAFA is met to establish subject-matter jurisdiction.  *See Freeman*, 551 F.3d 405 (remanding "for the district court to consider whether the aggregated cases satisfy the amount in controversy requirement under [28 U.S.C.] § 1332(d)").  The Ninth Circuit Court of Appeals, however, has held that the amount sought in a representative PAGA claim, as opposed to a class claim, cannot be aggregated with the amount sought in class claims to satisfy the CAFA

jurisdictional amount.[6]  *Yocupicio v. PAE Grp., LLC*, 795 F.3d 1057, 1059–62 (9th Cir. 2015). Given this binding authority, the undersigned finds that the narrow *Freeman* exception has no application here, as the amount sought in Plaintiff's representative PAGA action cannot be aggregated with the amount sought in the instant class action to meet the amount-in-controversy requirement under CAFA.

Relying on *Coffin v. Magellan HRSC, Inc.*, No. 19–cv–2047–BAS–NLS, 2020 WL 773255 (S.D. Cal. Feb. 18, 2020), Defendants contend that the *Freeman* exception can be applied where a PAGA action is involved.   (Doc. 47 at 3–4.)  In *Coffin*, the plaintiff first filed a suit against the defendant for various violations of the California Labor Code in state court, which the defendant then removed to federal court.  *Coffin*, 2020 WL 773255, at *2.  The plaintiff subsequently filed a second suit pursuant to PAGA in state court, and the defendant moved to consolidate the two actions. *Id.* at *1–2.  The District Court for the Southern District of California declined to apply the *Freeman* exception, explaining:

> [W]hile [the defendant] argues that [the plaintiff] has engaged in improper claim-splitting [citation], it does not convincingly argue that [the plaintiff] did so to frustrate CAFA.  It is unclear to the Court exactly why [the plaintiff] filed two separate complaints rather than add her PAGA claim to her first complaint, but [the plaintiff] does not dispute that *Coffin I* is properly in this Court, therefore, she does not appear to be attempting to stay out of federal court (or avoid CAFA) entirely.

*Id.* at *3.  Defendants note that in *Coffin*, "the court recognized the application of the *Freeman* doctrine to a PAGA action could occur.  However, the court declined to apply it because the plaintiff in that case was not seeking to challenge federal court jurisdiction." (Doc. 47 at 4 (internal citations omitted).)

Defendants' invocation of *Coffin* is unpersuasive as *Coffin* does not address, much less mention, the Ninth Circuit's holding in *Yocupicio* that the amount sought in a representative PAGA claim cannot be counted toward the CAFA jurisdictional amount.  In any event, the district court in *Coffin* ultimately declined to apply to *Freeman* exception because the defendant failed to demonstrate that the plaintiff split her claims "to frustrate CAFA." *Coffin*, 2020 WL 773255, at *3.

---

[6] *Yocupicio* involved a single lawsuit in which the plaintiff filed nine class claims alleging violations of the California Labor Code and one representative claim pursuant to PAGA.  *Yocupicio*, 795 F.3d at 1058–59.  The Ninth Circuit explained that a representative PAGA claim is not a "class" claim to which CAFA would apply.  *Id.* at 1060–61.

Here, Defendants have not articulated how Plaintiff's separate filing of the representative PAGA action frustrates CAFA—especially considering that the PAGA claim has no effect on CAFA jurisdiction. *See Yocupicio*, 795 F.3d at 1059–62; *Baumann*, 747 F.3d at 1124.

To the extent Defendants contend that *Freeman* permits consolidation where the plaintiff "is seeking to avoid federal court jurisdiction," (Doc. 35 at 7), the Ninth Circuit has explicitly eschewed such a broad reading of *Freeman*. In *Tanoh v. Dow Chemical Co.*, 561 F.3d 945 (9th Cir. 2009), the Ninth Circuit rejected the defendant's argument that *Freeman* "stand[s] for the general proposition that plaintiffs' lawyers cannot 'game' the system by artificially structuring their suits so as to avoid CAFA jurisdiction." *Id.* at 956. The Court noted that the Sixth Circuit "specifically 'limited [its holding] to the situation where there is no colorable basis for dividing up the sought-for retrospective relief *into separate time periods,* other than to frustrate CAFA.' *Freeman*, 551 F.3d at 409 (emphasis added)." *Id.* The Ninth Circuit further observed that "*Freeman*'s holding was limited to cases 'where recovery is expanded, rather than limited, by virtue of splintering of lawsuits.' [Citation.]" *Id.* As noted above, the amount sought in the representative PAGA claim here cannot be aggregated with the amounts sought in the class claims. It is, therefore, unclear how recovery has been expanded beyond the CAFA jurisdictional amount by Plaintiff's splintering of her lawsuits.

Based on the foregoing, the *Freeman* exception does not apply, and there is no other basis for the Court's jurisdiction over the PAGA action. The undersigned will therefore recommend that the motion to consolidate be denied.

## IV.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Defendants' motion to consolidate (Doc. 35) be DENIED.

These findings and recommendation are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **August 2, 2021**                    */s/ Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE